## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLOWE PARKER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-844** |
| **JAMES LEBLANC** | **SECTION: "N"(3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Marlowe Parker, Jr., is a state prisoner incarcerated at the St. Tammany Parish Jail in Covington, Louisiana.  On January 24, 2012, he pleaded guilty in the Louisiana Twenty-Second Judicial District Court to possession of hydrocodone under Louisiana law.  On that same date, he also pleaded guilty to being a third offender and was sentenced as such to a term of eight years imprisonment without benefit of probation or suspension of sentence.[1]  He did not appeal.

---

[1] State Rec., Vol. 1 of 2, transcript of January 24, 2012; State Rec., Vol. 1 of 2, Reasons for Judgment.

On March 4, 2013, petitioner filed an application for post-conviction relief with the state district court.[2]  That application was denied on March 26, 2013.[3]  His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on June 3, 2013,[4] and by the Louisiana Supreme Court on February 21, 2014.[5]

On March 20, 2014, petitioner filed the instant federal application seeking habeas corpus relief.[6]  The state filed a response arguing that petitioner's application was untimely.[7]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[8]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the

---

[2] State Rec., Vol. 1 of 2.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to this application, this Court will simply use the signature date as the filing date, in that the application was obviously placed in the mail no earlier than the date it was signed.

[3] State Rec., Vol. 1 of 2, Order dated March 26, 2013.

[4] State v. Parker, No. 2013 KW 0669 (La. App. 1st Cir. June 3, 2013); State Rec., Vol. 1 of 2.

[5] State ex rel. Parker v. State, 133 So.3d 678 (La. 2014); State Rec., Vol. 1 of 2.

[6] Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Again, that date is not apparent from the record.  However, in that petitioner signed the memorandum accompanying his petition on March 20, 2014, that is the earliest date it could have been given to prison officials for mailing.

[7] Rec. Docs. 13 and 14.

[8] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on January 24, 2012. Because he did not file a direct appeal within the time allowed by state law, his conviction and sentence became final no later than February 23, 2012.[9] Accordingly, his one-year period for filing his federal application for habeas corpus relief commenced on that date and then expired on February 25, 2013,[10] unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

---

[9] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. 914.

[10] The Court is aware that, because 2012 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was Friday, February 22, 2013. However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year. See, e.g., United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Zeno v. Louisiana, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009). Moreover, because the "anniversary date" of February 23, 2013, fell on a Saturday, the federal limitations period here was extended through the following Monday, February 25, 2015. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed. R. Civ. P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Here, petitioner unquestionably had applications pending before the state courts during the applicable one-year period; however, those applications did not entitle him to tolling under § 2244(d)(2) for the following reasons.

For example, petitioner filed a request for a copy of the minutes of his sentencing,[11] a request for a copy of the multiple bill of information,[12] a motion for a copy of the transcript of proceedings of January 24, 2012,[13] and a motion for copies of the transcripts concerning the predicate convictions which served as the basis for his habitual offender adjudication.[14]  However, it is clear that such applications for copies of transcripts or other documents are not considered an applications "for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence.  Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

Petitioner's only other filing in the state courts during the one-year period was a "Petition for Review" filed with the Louisiana Twenty-Second Judicial District Court.[15]  In that petition, he sought judicial review of the Louisiana Department of Public Safety and Corrections'

---

[11] State Rec., Vol. 1 of 2.
[12] State Rec., Vol. 1 of 2.
[13] State Rec., Vol. 1 of 2.
[14] State Rec., Vol. 1 of 2.
[15] State Rec., Vol. 1 of 2.

administrative decision to deny him a diminution of his sentence.  However, petitioner is not entitled to statutory tolling for that petition because, for the following reasons, it was not "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" as required by § 2244(d)(2).

In the first place, it does not appear that the "Petition for Review" would qualify as an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).  The only applications which qualify a petitioner for tolling are those which seek "review" of the "pertinent judgment or claim"; in other words, applications which seek "review" of the "judgment pursuant to which [the petitioner] is incarcerated."  See Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002).  Petitioner's "Petition for Review" did not challenge the validity of the judgment pursuant to which he is incarcerated (i.e. the underlying state court criminal judgment of conviction or sentence); rather, it challenged the validity of the Louisiana Department of Public Safety and Corrections' separate and distinct administrative decision to deny him a diminution of his sentence.

Second, in any event, the "Petition for Review" was not "properly filed" as required for § 2244(d)(2) tolling.  The state district court judge denied the petition on the grounds that it was filed prematurely and in the wrong court.[16]  An application that is filed prematurely is not "properly filed" for tolling purposes.  Larry v. Dretke, 361 F.3d 890, 894-95 (5th Cir. 2004); Jaramillo v. Thaler, Civ. Action No. SA-10-CA-774, 2011 WL 3357683, at *3 (W.D. Tex. Aug. 3, 2011).  Further, a state application filed in the wrong court likewise is not "properly filed" and therefore does not toll the statute of limitations.  Sibley v. Culliver, 377 F.3d 1196, 1202-03 (3rd Cir. 2004);

---

[16] State Rec., Vol. 1 of 2, order dated August 24, 2012.

Handy v. Everett, 12 Fed. App'x 804 (10th Cir. 2001); Cunningham v. Payne, No. C05-5839, 2006 WL 1875890, at *5 (W.D. Wash. July 5, 2006); Williams v. Crosby, No. 8:03-CV-1574-T-27, 2006 WL 1823437, at *3 (M.D. Fla. June 30, 2006).

It is, of course, true that petitioner also filed a state post-conviction application on March 4, 2013.  However, at that point, the one-year period had already expired on February 25, 2013, and it is clear that applications filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll."  Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

Because petitioner is not eligible for statutory tolling, the Court must next consider whether he is eligible for equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is

entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court notes that the United States Supreme Court has held:  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note:  "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (emphasis added).

Here, petitioner does in fact argue that he is actually innocent.  Specifically, he alleges that he had a prescription for hydrocodone and, therefore, his possession of the drug was not *illegal*.  However, even if McQuiggin applies in the context of a guilty plea, a point which is by no means clear,[17] it does not aid petitioner in this case.  As noted, a McQuiggin claim requires *new* evidence.  If the hydrocodone here was in fact procured based on a prescription, then that prescription is not *new* evidence – it necessarily existed as part of petitioner's medical and pharmacy records at the time of his plea.  Accordingly, McQuiggin simply does not apply.  See, e.g., O'Shields v. Smith, No. 1:13CV483, 2014 WL 198328, at *6 (M.D.N.C. Jan. 14, 2014) (holding that the petitioner's McQuiggin "actual innocence" argument could not be based on his proffered medical reports because those "reports existed at the time of the underlying trial … and should have been readily

---

[17] Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty.  See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013).

available to Petitioner, given that they were his own medical records"), appeal dismissed, 577 Fed. App'x 202 (4th Cir. 2014); see also Evans v. York County Department of Probation and Parole, Civ. Action No. 3:14-CV-2333, 2015 WL 5099278, at *8 (M.D. Pa. Aug. 31, 2015) (Evidence available at the time of trial "is not 'new' so as to satisfy the first step of a McQuiggin claim."); Clayton v. Varner, Civ. Action No. 02-9509, 2014 WL 4744513, at *1 (E.D. Pa. Sept. 24, 2014) ("[E]vidence that existed at the time of trial is not new evidence."); Goodman v. Young, No. 1:12CV596, 2013 WL 2285236, at *5 (M.D.N.C. May 23, 2013) ("Petitioner's email and cellular telephone records for the time period of the murder do not constitute 'new' evidence, as they existed at or before the time of his plea."), appeal dismissed, 546 Fed. App'x 226 (4th Cir. 2013).

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than February 25, 2013, in order to be timely.  His federal application was not filed until March 20, 2014, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED that** the federal application for habeas corpus relief filed by Marlowe Parker, Jr., be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this tenth day of February, 2016.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.